# In the United States Court of Federal Claims

No. 14-1185T
(Filed: July 17, 2015)

```
* * * * * * * * * * * * * * * * * * * * * *
```
VICTOR IVY BROWN,

    *Plaintiff,*

v.

THE UNITED STATES,

    *Defendant.*
```
* * * * * * * * * * * * * * * * * * * * * *
```

FILED
JUL 17 2015
U.S. COURT OF
FEDERAL CLAIMS

## ORDER

Plaintiff, appearing *pro se*, alleges in his complaint of December 10, 2014 that he was unlawfully denied the sum of $2,727.00 when Social Security taxes were wrongfully withheld from a back pay award resulting from his successful suit against the Department of Navy. Plaintiff also alleges that the withholding of those funds constituted mail fraud and a taking in violation of the Fifth Amendment. Along with his complaint, plaintiff filed a motion to proceed *in forma pauperis*. Defendant filed a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) and failure to state a claim under 12(b)(6) on March 11, 2015. Plaintiff filed his opposition to defendant's motion to dismiss on March 13, 2015, and the defendant filed its reply to plaintiff's opposition to defendant's motion to dismiss on April 27, 2015. Oral argument is unnecessary. We grant defendant's motion to dismiss because plaintiff's complaint is untimely and otherwise outside of our jurisdiction.

In 1987, plaintiff won an employment discrimination suit against the Department of Navy under Title VII of the Civil Rights Act of 1964. The court ordered the Navy to install him as a Management Analyst as of 1982 and pay him gross damages of $121,706.64. In 1990, Brown brought a new suit in the District Court for the District of Columbia based on the "government's alleged retaliatory actions stemming from his Title VII suit." *See Brown v. Garrett*, No. 90-1003, 199 U.S. Dist. LEXIS 13062 (D.D.C. Sept. 28, 1990). Plaintiff alleged, among other things, that the Navy retaliated against him by

depositing his salary into the account of another individual. The district court ruled *sua sponte* that plaintiff's complaint failed to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure ("FRCP") in that it contained a "virtually unintelligible series of events which fail to amount to any conceivable factual or legal basis for relief." As such, the court dismissed under FRCP 8(a)(2) and 12(b)(6).

In 2002, plaintiff filed a motion in district court seeking to hold the Navy in contempt for non-compliance with the district court's final order in plaintiff's original 1987 Title VII action. In 2003, the court denied his motion, stating that he failed to establish facts sufficient to support his claim that $2,727.00 had been erroneously deducted from his back pay award. *See Brown v. Dep't of the Navy*, No. 86-1582 (D.D.C. Aug. 11, 2003) (finding that plaintiff had not produced the "clear and convincing" evidence needed to hold a party in contempt). The circuit court affirmed. *See Brown v. U.S. Dep't of the Navy*, No. 03-5290, 2004 U.S. App. LEXIS 5442 (D.C. Cir. Mar. 22, 2004).

In 2006, plaintiff filed a tax refund request (his first and only) with the IRS for the refund of the $2,727.00 at issue. Citing the untimely nature of his refund request, the IRS denied his claim.

In 2011, plaintiff filed a new complaint in the district court, petitioning the court to order the defendant to return the sum of $2,727.00 to plaintiff. The court granted the government's motion to dismiss on the grounds that plaintiff's claim was barred by the doctrine of *res judicata* because plaintiff had had the opportunity to litigate his entitlement to the $2,727.00 in previous litigation. *See Brown v. Mabus*, 892 F. Supp. 2d 115, 118 (D.D.C. Sept. 21, 2012) (*citing Brown v. U.S. Dep't of the Navy*, No. 03-5290, 2004 U.S. App. LEXIS 5442 (D.C. Cir. Mar. 22, 2004)). The circuit court affirmed and denied plaintiff's petition for rehearing *en banc*. *See Brown v. Mabus*, 548 F. App'x 623 (D.C. Cir. 2013). Finally, plaintiff filed a petition for writ of certiorari, and the United States Supreme Court denied the petition on October 4, 2014. *See Brown v. Mabus*, 135 S. Ct. 152 (2014).

This suit is the latest iteration of plaintiff's quest for the return of the $2,727.00. Defendant has moved to dismiss the complaint under rule 12(b)(1) for lack of subject matter jurisdiction because plaintiff did not timely file an administrative claim for a tax refund and, alternatively, under Rule 12(b)(6) because plaintiff failed to state a claim upon which relief can be granted in

light of the *res judicata* effect of his prior proceedings.

Plaintiff and defendant agree that plaintiff did not file a timely tax refund claim for tax year 1988. Section 6511(a) of the Internal Revenue Code ("I.R.C.") requires that a refund claim be filed with the IRS no later than "3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later." 26 U.S.C. § 6511(a) (2012). Plaintiff did not file his refund claim with the IRS until 2006, well after the limitations period had passed. Without adherence to this procedural prerequisite, an applicant does not have a ripe tax refund suit. *See* Treas. Reg. § 301.6402-2(a). In an effort to escape this limitation, plaintiff argues that the limitation period ought to have been tolled because of serious medical issues, beginning in 2006, which prevented him from pursuing his refund claim. He also argues that he did not know about the withholding until 1997.

Although I.R.C. § 6511(h) temporarily suspends the three-year limitations period while an individual is suffering from a "financial disability," it does not resurrect or re-open a statute of limitations that had expired prior to the disability. Plaintiff was awarded back pay in 1987. Assuming it was not paid until the following year, 1988, and the social security taxes were withheld then, plaintiff could have then filed a return in 1989 for the 1988 tax year. Thus, under section 6511, the latest plaintiff could have timely filed for a refund with the IRS was 1992. No disability arising after April 14, 1992, in other words, could have served to toll the timeliness requirements of section 6511(a).[1] Not having filed a timely return with the IRS, plaintiff's claim for a tax refund must be dismissed for lack of jurisdiction.

Plaintiff also argues that equitable tolling should apply. For purposes of refund claims and refund suits, however, equitable tolling of the statute of limitations does not apply outside the statutory exception of financial disability. *See United States v. Brockamp*, 519 U.S. 347, 352 (1997) ("Section 6511's detail, its technical language, the iteration of the limitations in both procedural and substantive forms, and the explicit listing of exceptions, taken together, indicate to us that Congress did not intend courts to read other unmentioned, open-ended, 'equitable' exceptions into the statute that it

---

[1] Plaintiff also argued in his brief that he did not know about the withholding of the social security taxes until 1997. Even granting him that unlikely assertion, the limitations period of section 6511 had already expired.

wrote.").

Next, plaintiff endeavors to establish subject matter jurisdiction by asserting the existence of an implied contract between him and his government employer. The Federal Circuit, however, has held that general contract principles, including implied contracts, do not govern the federal government's relationship with its employees. *See Chu v. United States*, 773 F.2d 1226, 1229 (Fed. Cir. 1985). Plaintiff's implied contract theory cannot serve as the basis for jurisdiction in this court.

Finally, plaintiff raises new legal theories to try to distinguish his claim from a tax refund suit. Plaintiff alleges that defendant fraudulently assessed the monies at issue in the form of taxes for which plaintiff was not obligated to pay. Plaintiff also cites the Fifth Amendment takings clause as having been violated by defendant's actions in taking the social security taxes from him without just compensation.

The Tucker Act, this court's primary grant of jurisdiction, only gives this court authority to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). As such, plaintiff must allege that there is a constitutional, statutory, or regulatory provision that mandates that he is presently owed money by the United States government or that he has a contract with the government under which he is owed payment.

Specifically excluded from our jurisdiction are cases involving allegations of tortious conduct, such as fraud. The takings clause is also inapplicable because the government's exercise of its tax collection powers is not a taking within the meaning of the Fifth Amendment. *See, e.g., U.S. Shoe Corp. v. United States*, 296 F.3d 1378, 1383 (Fed. Cir. 2002). Plaintiff has thus not alleged a taking within our jurisdiction. Further, even assuming *arguendo* that this court otherwise had subject matter jurisdiction over the fraud and takings claims, they would still be far too late. The government allegedly wrongfully withheld the money in 1988, and even assuming that this was somehow unknowable to plaintiff until 1997, as he argues, his complaint was filed nearly 10 years later, well outside this court's six year limitations period. *See* 28 U.S.C. § 2501 (2012) (barring all claims not brought within six

years of their accrual).[2]

Because plaintiff's claims are too late or otherwise outside of our jurisdiction, they must be dismissed pursuant to rule 12(b)(1). We do not reach the issue of *res judicata* because it is clear that we lack jurisdiction. Accordingly, the following is ordered:

1. For good cause shown, plaintiff's motion to proceed *in forma pauperis* is granted.

2. Defendant's motion for failure to state a claim is denied as moot.

3. Defendant's motion to dismiss for lack of jurisdiction is granted.

4. The clerk of court is directed to dismiss the complaint without prejudice and enter judgment accordingly.

ERIC G. BRUGGINK
Judge

---

[2] Plaintiff also invoked the continuing claims doctrine, arguing that his claim for reprisal is ongoing and thus not time barred. Plaintiff misapprehends the meaning of the continuing claims doctrine. It is sufficient to note that the wrongdoing alleged here happened once, in 1988, and cannot serve as the basis for a continuing claim. The fact that he has attempted to litigate the same claim multiple times in multiple venues likewise does not mean that plaintiff has a continuing claim.